```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CORONE REID, et al.            :      CIVIL ACTION
                               :
          v.                   :
                               :
TEMPLE UNIVERSITY HOSPITAL,    :      NO. 17-2197
INC., et al.

MEMORANDUM

Bartle, J.                                    February 14, 2019

   Plaintiffs have sued defendants for race and national origin discrimination in terminating their employment.

   Defendants now have pending a motion for a protective order to preclude plaintiffs' counsel from taking any further depositions of witnesses in the dining room of his home where he lives with his wife and at least two children and to compel that future depositions be taken at a suitable professional location. Defense counsel has offered the use of her office for this purpose. Despite her efforts to resolve the issue, plaintiffs' counsel has not agreed to schedule the depositions of future witnesses at a different venue.

   Two depositions noticed by plaintiffs have already been taken in plaintiffs' counsel's dining room. According to defense counsel, the attendant conditions were totally unsatisfactory. The dining room was open to the kitchen and living room. During the two completed depositions it was possible to hear family members in the house when they were

speaking on the telephone or to each other.  When the sounds
became particularly loud, plaintiffs' counsel, at the request of
defense counsel or the court reporter, had to intervene to
restore quiet.  The ringing of the telephone with incoming calls
and announcements occurred.  Family members passed through the
dining room and at times interrupted plaintiffs' counsel about
evening plans or to ask the court reporter and defense counsel
to move their cars.  The movement of people in the adjoining
kitchen was visible, and noises and smells emanated from the
cooking that was taking place.  A dog wandered throughout the
house and came and went through a dog door behind the chair
where the witnesses sat.  Not surprisingly, the examination of
witnesses came to a halt on a number of occasions as a result of
all this extraneous activity.

Defense counsel also states that there was no private
space for her to confer with witnesses out of earshot of
opposing counsel or the court reporter.  Finally, pet hair in
the house will apparently be a problem for at least one
remaining deponent.

According to plaintiffs' counsel, he noticed the
depositions for his home because he "wanted to have access to
his full file in case unanticipated issues arose at the
deposition."  He characterizes defense counsel's pending motion
as "based on a few trivial alleged distractions."  He maintains

that defense counsel made no complaints at the time of the two depositions, and he now provides assurances that he will take preventive measures so that any distractions do not recur. While admitting that a dog was in the house, he remembers that one deponent "seemed to enjoy the dog immensely, petting him with enthusiasm and cooing to him with affection." He says nothing about all the other participants. If there had been a problem with the dog, he would have put the dog in the cellar. He concedes that telephone calls temporarily delayed the depositions, and in the future he will have his wife close her office door when on the phone. He acknowledges that his son was heard in the kitchen when he came home from school. Hereafter, when his children return from school, he will have them retreat to playrooms in the cellar and stay out of the kitchen.

We recognize that the party taking the deposition usually selects the place where the deposition will be conducted. Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003). Nonetheless, this practice is not without limits. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides in relevant part:

> The court may, for good cause, issue an
> order to protect a party or person from
> annoyance . . . or undue burden . . .
> including . . . (B) specifying terms,
> including time and place . . . for . . .
> discovery.

In the court's view, the taking of depositions in the dining room of the home of plaintiffs' counsel under the circumstances gleaned from the undisputed portions of the declarations of both counsel constitutes annoyance and undue burden sufficient to establish good cause for the issuance of a protective order. It is hard to imagine that anyone could have easily concentrated on the important business at hand, including the deponent attracted to the dog. Further, we do not consider plaintiffs' counsel's potential need for access to his entire file in the event unanticipated issues arise to justify his choice of location for the depositions. Lawyers without difficulty regularly examine deponents at places away from the repository of all their files.

Depositions, absent compelling reasons such as the illness or incapacity of a witness, should be taken in a professional setting devoid of domestic or other distractions. While plaintiffs' counsel's dining room is undoubtedly and rightly a place of commensal conviviality and canine companionship, it is not an acceptable forum for lawyers to examine and defend witnesses under oath. There will be no more dining-room depositions.

Accordingly, the court will enter a protective order to preclude depositions in the home of plaintiffs' counsel and

to require future depositions to take place at an appropriate professional location.