```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CORONE REID, et al.              :        CIVIL ACTION
                                 :
         v.                      :
                                 :
TEMPLE UNIVERSITY HOSPITAL       :
INC., et al.                     :        NO. 17-2197

                           MEMORANDUM

Bartle, J.                                    February 27, 2019

        Plaintiffs Corone Reid and Donny Odey bring this action against defendant Temple University Hospital, Inc. ("Temple") and several of its current or former employees alleging race discrimination in violation of 42 U.S.C. § 1981. Before the court is the motion of Temple for a protective order regarding plaintiffs' notice of deposition directed to Temple's corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

        In their notice, plaintiffs have proposed 83 topics for the testimony of Temple's designee. Temple has agreed to designate a representative to testify on 29 of the topics. However, Temple has moved for a protective order to narrow or to strike the remaining 54 topics on the grounds that such topics are not relevant and proportional to the needs of the case or are unduly burdensome.

        Rule 30(b)(6), "Notice or Subpoena Directed to an Organization," provides:

> In its notice or subpoena, a party may name
> as the deponent a public or private
> corporation, a partnership, an association,
> a governmental agency, or other entity and
> must describe with reasonable particularity
> the matters for examination. The named
> organization must then designate one or more
> officers, directors, or managing agents, or
> designate other persons who consent to
> testify on its behalf; and it may set out
> the matters on which each person designated
> will testify. A subpoena must advise a
> nonparty organization of its duty to make
> this designation. The persons designated
> must testify about information known or
> reasonably available to the organization.
> This paragraph (6) does not preclude a
> deposition by any other procedure allowed by
> these rules.

Discovery by deposition under Rule 30(b)(6) is governed by the same standard as other types of discovery under the Federal Rules of Civil Procedure, that is, that such discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise allowed under the Rules if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Id. at 26(b)(2)(c).

Review of plaintiffs' 30(b)(6) deposition notice demonstrates that many of the 54 topics at issue are not relevant to the claims and defenses presented in this matter or are not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). For example, topics B.6-B.12, B.15-B.16, and

B.18-B.27 direct Temple's designee to agree or disagree with various findings made in the arbitration of Reid's union grievance regarding her termination. It is irrelevant to the merits of this action whether Temple agrees with these findings. The arbitrator is not the finder of fact in the action before this court. Moreover, Reid did not raise a claim of racial discrimination in the arbitration. Plaintiffs also seek information in topics F.1-F.4 regarding Reid's activities as a patient and staff advocate. Such information relates to Reid's claim under the False Claims Act, which has been dismissed from this action.

In topics A.1 and A.2, plaintiffs seek information on Temple policies, procedures, protocols and practices regarding discipline and/or termination. As currently drafted, plaintiffs' requests seek information that is not relevant or proportional to the needs of the action. These requests should be properly limited to the policies, procedures, protocols, and practices applicable to the units on which plaintiffs were employed. They should also be limited to the time of plaintiffs' terminations.[1] Similarly, topic A.17 should be

---

1. Other requests for policies such as Topic C.1, "identification of all documents which embodied any and all harassment policies applicable to PM-5 operations, and the manner in which such policies were distributed to employees and made known in the workplace," may also be limited to a reasonable timeframe.

-3-

limited to Temple policies, procedures, protocols, and practices regarding race, color, or ethnicity discrimination and should not include issues unrelated to plaintiffs' claims in this case, such as discrimination on the basis of age or handicap.

Many of these proposed topics for testimony seek information that can be obtained from another source that is more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(2)(C). Topics A.3-A.6, A.9 and A.12 seek, among other things, demographic information regarding certain employees of Temple, whether any such employees were terminated and, if applicable, the reason for terminations. Temple has offered to produce to plaintiffs documents containing this information for all nurses, mental health technicians, and crisis response technicians employed on the two units on which plaintiffs were employed for the years 2013-2017. This is a reasonable alternative that is more efficient and cost-effective than requiring a designee to memorize and discuss large swaths of employee data.[2] In topic G.1, plaintiffs seek "[t]he

---

2. To the extent plaintiffs seek in topics A.7, A.8, and A.10-A.11 demographic information regarding employees who were "considered" for discipline or adverse action, we agree with defendants that there is no reasonable way to identify such employees and thus will grant defendants' motion to strike these topics. Topic E.7 seeks "[t]he identification of each person [Temple] considered disciplining or terminating based on the escape of the patient from the building, and the basis upon which it exonerated any employee from discipline who it considered disciplining, and the reason it pursued discipline

-4-

identification of all records showing the income and benefits received by Reid and Odey during the course of their employment." Such information is properly the subject of a request for the production of documents. Plaintiffs may seek clarification or additional information if, after reviewing the documents, questions remain. To require a corporate designee to review and discuss such financial records would likely not provide additional relevant information and would only be a waste of resources.

In several instances plaintiffs have sought information from Temple's corporate designee that is better directed at fact witnesses who have been or will be deposed in this action. For example, in topic A.14, plaintiffs ask whether Barbara Gennello "acknowledges her admission that she was aware" that another employee of Temple used certain racist and offensive language. This proposed topic, as well as topics B.5, C.2, and C.8, are better directed to the managers or former managers who will be deposed in their individual capacity regarding their personal knowledge and actions. To require a corporate designee to testify on these topics would be unnecessary, duplicative, and overly burdensome. Similarly, topic G.2, which seeks "[a]ll facts which support any contention

---

against others." This request should be limited to employees in the Crisis Response Center, the unit where Odey worked.

that Odey and Reid suffered no or limited emotional distress damages" is not an appropriate topic for Temple's corporate designee.  Instead, plaintiffs themselves or a treating healthcare professional would be better suited to provide information regarding any emotional distress suffered by plaintiffs.

Finally, we address plaintiffs' proposed subject of testimony regarding alleged comparators to Reid in topics D.6-D.9.  Temple has objected on the ground that the individuals identified by plaintiffs engaged in conduct that was not similar to the alleged misconduct of Reid and thus information regarding these individuals is not relevant to the claims presented here.  In this regard, Temple takes too narrow a view of its discovery obligations.  We will order Temple to produce a corporate designee regarding these topics.  Temple of course need not provide information that is otherwise protected by the attorney client privilege or attorney work product doctrine.  To the extent that such testimony involves information of third parties that is of a sensitive or personal nature, counsel may designate all or a portion of the transcript as confidential pursuant to the stipulated protective order entered in this action.  Temple will remain free to argue at summary judgment or any trial in

this matter regarding the similarity of these individuals and thus the weight to be afforded such evidence.[3]

Accordingly, the motion of Temple is being granted in part and denied in part. While we have addressed the most egregious defects in plaintiffs' notice, we do not write on all issues. The 83-topic notice was burdensome and disproportionate to what is appropriate in a case of this kind. We direct the parties to confer and to endeavor to reach agreement on the topics at issue in accordance with this memorandum. Thereafter, plaintiffs may serve on Temple an amended notice consistent with this memorandum.

---

3. In topic D.10, plaintiffs seek information regarding Temple's "awareness of any situation in which [a nurse] committed a comparable or more egregious violation of a policy related to the administration of medications for which they were not terminated." Plaintiffs' characterization of "comparable or more egregious" is vague and open to interpretation. Plaintiffs may amend this topic to seek information regarding any violation of a policy related to the administration of medication made by a nurse within Reid's unit within a certain period of time before or after Reid's termination.