IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORONE REID, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| INC., et al. | : | NO. 17-2197 |

MEMORANDUM

Bartle, J.　　　　　　　　　　　　　　　　　　　　　May 22, 2019

　　　　Plaintiffs Corone Reid and Donny Odey ("Odey") have sued defendants for race and national origin discrimination in terminating their employment. Before the court is the motion of defendants for discovery sanctions.

　　　　On January 9, 2018, defendants served on Odey's counsel written requests seeking, among other things, any documents related to Odey's claim for damages and documents related to medical treatment he has received.[1] During his deposition in December 2018, Odey revealed for the first time that he suffered from an enlarged prostate which had required surgery. Odey further testified that this condition was caused by stress related to his termination. That same day, counsel for defendants requested the production of Odey's medical records relevant to this condition pursuant to the earlier discovery requests. Despite repeated additional requests from

---

1. This case was placed in civil suspense from April 18, 2018 through September 27, 2018.

defendants, Odey's counsel did not produce the medical records nor did he furnish to defendants Odey's signed authorization to allow defendants to secure the records directly from Odey's medical providers.

On April 15, 2019, defendants moved to compel these medical records. The next day, this court held a telephone conference with counsel to resolve a number of pending discovery disputes, including the motion to compel. During the conference, counsel for Odey represented to the court that he would produce the records within ten days. He did not dispute that the records were relevant and discoverable. Thereafter, the court granted defendants' motion to compel and ordered that the medical records be produced by April 26, 2019. See Doc. # 60. The court also extended the deadline for fact discovery, for the third time, on this occasion to May 15, 2019.

In disregard of this court's order, Odey's counsel failed to produce the records or to provide to defendants a valid authorization by the court-imposed deadline of April 26. On May 16, 2019, defendants filed the instant motion for sanctions. Finally, on May 20, Odey's counsel forwarded a valid authorization. This was five days after the May 15, 2019 discovery deadline, which as noted above had previously been extended.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states that sanctions may be imposed on a party who fails to obey a court order regarding discovery. These sanctions may include prohibiting the disobedient party from supporting certain claims or introducing certain matters into evidence at the trial. Rule 37(b)(2)(C) also provides that the court must order the disobedient party or the attorney advising that party to pay the reasonable expenses, including attorneys' fees, caused by the failure to comply with the court-ordered discovery unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Here, Odey's counsel disregarded the court-ordered deadline to produce the medical records at issue. Counsel did not seek an extension of the deadline and has not advised the court of any reasons why he did not or was unable to comply. Instead, he waited until after defendants had filed the instant motion and the deadline for fact discovery had passed to provide a valid authorization. There is nothing in the record to show that his disregard of this court's order was substantially justified, and there are no circumstances called to our attention which would render unjust an award of reasonable expenses and attorneys' fees.

Accordingly, the motion of defendants for sanctions is being granted. Odey will be precluded from asserting any claim

of damages at trial related to his prostate condition and related surgery.  Counsel for Odey will be ordered to pay to defendants' counsel $500 for their reasonable expenses and attorneys' fees incurred in preparing the motion for sanctions.